# VILLAGE OF NEW LEBANON

### v.

### BLANKENSHIP.

Montgomery County Court of Ohio,
Area One.

No. 93 TRC 6668AB.

Decided Dec. 23, 1993.

**2**

*Jeffrey Startzman,* New Lebanon Prosecutor, for plaintiff.

*Michael V. Lewis,* for defendant Charles B. Blankenship.

JEFFREY E. FROELICH, Judge.

The defendant has moved to suppress the evidence resulting from the stop of the defendant based on the belief that there was no probable cause or even articulable suspicion to warrant the stop and the subsequent citation for driving under the influence, a violation of R.C. 4511.19(A)(1). It is stipulated that the defendant was operating a motor vehicle in the plaintiff's jurisdiction at approximately 1:30 a.m. At that time and place, an officer in a marked cruiser and in uniform observed the defendant weaving within his lane. It is also stipulated that the road at that point is one lane in both directions with no marked center line. Although the area is residential, there was no other traffic in the area and no signs of any pedestrian activity.

The defendant was cited for violating R.C. 4511.33. That section reads:

"Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or whenever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

"(A) A vehicle * * * shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."

Since this road is not clearly marked with lanes for traffic, the prosecutor has requested an amendment to charge a violation of R.C. 4511.25, which reads:

"Upon all roadways of sufficient width, a vehicle or trackless trolley shall be driven upon the right half of the roadway, except as follows:

"(1) When overtaking and passing another vehicle * * * or when making a left turn * * *.

"(2) When an obstruction exists * * *."

Both the prosecutor and the defense attorney framed the question, and seek a definitive opinion for future reference and guidance on the single issue of, "whether or not weaving in one's own lane is sufficient cause to stop a vehicle?"

■ As a condition precedent to a lawful stop, the law enforcement officer must have "some articulable and reasonable suspicion of illegal activity connected with the person in the vehicle and/or the operation thereof." *Delaware v. Prouse* (1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660; *State v. Freeman* (1980), 64 Ohio St.2d 291, 18 O.O.3d 472, 414 N.E.2d 1044.

■ Fortunately or unfortunately, the court cannot make such a far-reaching decision, but must base its decision on the facts before the court. These facts— that there was no center line, that there was no other traffic, that there was no danger or safety problem created by the defendant's operation, that there was no testimony concerning the length of time or distance involved in the defendant's operation of the vehicle, that there was no indication of the erraticism of the defendant's operation (*e.g.*, some quick turns constituting weaving and then slow drifting to one side of the road, then large loops in the road, etc.)—do not create an articulable suspicion.

The section originally charged, R.C. 4511.33, does not prohibit weaving in one's own lane, but rather only requires driving within a single lane and, further, even permits leaving that lane if it can be done with safety. The proposed amended charge of R.C. 4511.25 again only requires that the vehicle be driven on the right half of the roadway, but does not prohibit weaving as long as that person is upon the right half of the roadway.

■ Most courts that have reviewed this narrow question have held that minor weaving without leaving the lane of travel does not give grounds for a stop. See, for example, *Mason v. Loveless* (1993), 87 Ohio App.3d 264, 622 N.E.2d 6, and *State v. Gullett* (1992), 78 Ohio App.3d 138, 604 N.E.2d 176. As stated by Judge Stephenson in *Gullett*, at 145, 604 N.E.2d at 180–181, "[t]he touchstone of the Fourth Amendment is reasonableness. * * * Based on the totality of the circumstances, we are not persuaded that sufficient articulable facts, and infer- ences therefrom, existed to constitutionally justify the stop." A reasonable suspicion may be based on specific and articulable facts which would justify an investigative stop. *Terry v. Ohio* (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d

889. The validity of an investigative stop is determined by looking at the totality of the surrounding circumstances. *State v. Freeman, supra.*

This is not to say that slight weaving within one's lane when coupled with other articulable facts may not give sufficient cause for a stop. In *State v. Gedeon* (1992), 81 Ohio App.3d 617, 611 N.E.2d 972, the court held that the officer's observation of a vehicle with snow on the back window and weaving within its lane created reasonable suspicion of criminal behavior supporting an investigative stop. The *Gedeon* court cited several unreported decisions suggesting that weaving, whether within or outside one's lane, may indicate erratic driving, which authorizes the police to stop a vehicle. Certain movements, such as, for example only, repeated sharp turns could cause the defendant to lose control, or large and winding and repeated weaving could cause a danger to a vehicle, pedestrian, or animal appearing in the road; likewise, extremely slow speeds, starting and stopping, or similar actions when coupled with weaving within one's own lane could create the requisite reasonable suspicion.

A citizen has the right to drive a vehicle on the streets, to walk the sidewalks, or otherwise to move about in society without being stopped or questioned by the state. Therefore, a warrantless stop or seizure of an individual is presumptively unconstitutional and can be justified only if the officer has a reasonable suspicion, based upon specific and articulable facts, that criminal behavior has occurred or is imminent. *Terry v. Ohio, supra; State v. Heinrichs* (1988), 46 Ohio App.3d 63, 545 N.E.2d 1304.

In summary, weaving within one's own lane together with other specific and articulable indicators that criminal behavior has occurred or is imminent may justify a stop. However, the court does not find such specific and articulable facts to be present herein and the motion to suppress is therefore sustained. A pretrial hearing on the case is set for January 10, 1994 at 5:30 p.m.

*So ordered.*