OPINION
Defendant-appellant Jason Flynn appeals from his conviction and sentence, following a no-contest plea, for DUI. Flynn contends that the trial court erred when it denied his motion to suppress evidence upon the ground that it was obtained as a result of an unlawful stop. From our review of the record, we conclude that the trial court was justified in finding reasonable, articulable suspicion for the stop. Accordingly, the judgment of the trial court is Affirmed.
 I
At about 2:30 in the morning, Flynn was driving his car north on Interstate 675, approaching the intersection with U.S. 35, when he came to the attention of State Trooper Brian Butler. Butler testified concerning his observations, which resulted in stopping Flynn on suspicion of impaired driving, as follows:
 A. I was on regular patrol on Interstate 675 northbound, just south of 35. As I was merging over to merge onto U.S. 35 westbound, observed a vehicle driving within its lanes, back and forth within its lane. As I got up closer to the vehicle, I observed the vehicle travel right of the white edge line prior to merging off onto U.S. 35 at least half of the car width, for approximately 25 feet, prior to the exit ramp. I got up behind the vehicle. I observed it merging around the exit ramp onto 35 westbound. The vehicle, once again, was driving from edge line to edge line. At that time, I activated my overhead lights to have the vehicle stop.
Following the stop, evidence developed confirming Butler's suspicions. Butler administered field sobriety tests, and then arrested Flynn for DUI and Failure to Operate Within Marked Lanes.
Flynn moved to suppress the evidence, contending that it was obtained as the result of an unlawful stop. Following a hearing, his motion was denied. Thereafter, Flynn pled no contest to DUI, and was sentenced accordingly. The other charge, Failure to Operate Within Marked Lanes, was dismissed.
From his conviction and sentence, Flynn appeals.
 II
Flynn's sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE SUPPRESSION MOTION BECAUSE THE STATE FAILED TO PROVE THAT THE OFFICER STOPPED THE CAR BASED ON PROBABLE CAUSE THAT THE DRIVER HAD COMMITTED A TRAFFIC OFFENSE.
In his assignment of error, Flynn challenges the propriety of the initial stop. He does not challenge the subsequent conduct of the state trooper, other than contending that all of the evidence acquired thereafter was the fruit of the unlawful stop.
A traffic stop, constituting less of an intrusion upon a protected liberty interest, merely requires reasonable and articulable suspicion, rather than the full probable cause required for an arrest. State v. Brandenburg (1987), 41 Ohio App.3d 109; Delaware v. Prouse (1979), 440 U.S. 648,99 S.Ct. 1391, 59 L.Ed.2d 660.
Thus, the issue in the case before us is whether Trooper Butler had a reasonable and articulable suspicion that Flynn was under the influence, when Butler stopped Flynn.
Flynn cites several cases in support of his proposition that the mere failure to remain within a marked lane is not a sufficient justification for a traffic stop. We conclude that the cases Flynn cites are distinguishable. In State v. Gullett
(1992), 78 Ohio App.3d 138, at 145, the court noted that the State had the burden of proof on this issue, and that the evidence did not disclose the duration of the driver's crossing over the line, nor how far over the line the driver went. In State v. Johnson
(1995), 105 Ohio App.3d 37, at 41, the court found insufficient two minor, insubstantial crossings of less than one tire's width. In the case before us, Butler testified that Flynn crossed the edge line by half his car's width, for a distance of 25 feet. InOntario v. Mathews (October 23, 1997), Richard App. No. 97-CA-36-2, unreported, the police officer testified concerning two crossings — in the first crossing, both right tires went over the right side edge line by about one foot; on the second crossing, the vehicle again crossed the right side edge line, but the officer could not recall whether both right side tires, or just one tire, went over the right line. Thus, the crossing of the edge line in Mathews, supra, was insubstantial, at least as compared with the crossing in the case before us. Finally, inState v. Brite (1997), 120 Ohio App.3d 517, at 521, as in Statev. Gullett, supra, there was no evidence indicating how far across the edge line the defendant wandered.
Furthermore, in the case before us there is not merely the crossing of the right edge line by half a car's width for a distance of 25 feet; there was also weaving, within the marked lane, both before, and immediately after, Flynn strayed across the right edge line. We have previously held that weaving within marked lanes for several blocks, by itself, is sufficient to justify a traffic stop. State v. Hilleary (May 24, 1989), Miami App. No. 88-CA-5, unreported.
We conclude that the totality of the circumstances in this case was sufficient to give Butler a reasonable, articulable suspicion that Flynn was driving under the influence. Accordingly, Flynn's sole assignment of error is overruled.
 III
Flynn's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and YOUNG, JJ., concur.