This accelerated case comes before the court on appeal from the Bowling Green Municipal Court.
On August 28, 1998, appellant was charged with driving while under the influence of alcohol, a violation of R.C. 4511.19. On October 8, 1998, appellant filed a motion to suppress arguing that the officer illegally stopped his vehicle. The trial court denied appellant's motion and he now appeals setting forth the following assignment of error:
 "THE TRIAL COURT IMPROPERLY DENIED THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS AS THE ARRESTING OFFICER HAD NO REASONABLE ARTICULABLE SUSPICION OF CRIMINAL ACTIVITY TO JUSTIFY THE TRAFFIC STOP."
In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, Statev. Fanning (1982), 1 Ohio St.3d 19. Where there is substantial evidence to support the factual findings of the trial court, its ruling will not be disturbed absent an error of law.DePew, supra.
The parties stipulated that the arresting officer followed appellant for approximately one mile and saw him twice drive on the center line and twice drive on the edge line. The parties agreed that appellant never drove outside of the lines. Appellant argues that the trial court erred in denying his motion to suppress because the officer lacked a reasonable suspicion to support the initial stop. Specifically, appellant argues that weaving within one's own lane does not constitute a traffic infraction.
Where a police officer has a reasonable and articulable suspicion of criminal activity, the officer may make a brief, investigative stop. Terry v. Ohio (1968), 392 U.S. 1,20 L. Ed.2d 889, 88 S. Ct. 1868. To justify a stop under Terry, an officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion. State v. Williams (1990),51 Ohio St.3d 58.
This court has held that "weaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle." Oregon v. Weiser (Feb. 12, 1999), Lucas App. No. L-98-1019, citing Village of Montpelier v. Lyon, (May 1, 1987), Williams App. No. WMS-86-16, unreported. See, also,State v. Deichler, (May 23, 1997), Erie App. No. E-96-091, unreported; State v. Lopez, (Dec. 3, 1993), Lucas App. No. L-92-422, unreported. "However, not every crossing of a highway edge line or center line makes a traffic stop constitutionally permissible." State v. Mortensen (Feb. 27, 1998), (E-97-107), unreported, citing State v. Gullett (1992), 78 Ohio App.3d 138.
Appellant, in the early morning hours on dry pavement, drove on the lines four times within a mile. Following our prior cases, we conclude that the officer had articulable facts giving rise to a reasonable suspicion that was sufficient to stop appellant's vehicle. Appellant's sole assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Bowling Green Municipal Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J._____ _______________________________ JUDGE
James R. Sherck, J._______ _______________________________ JUDGE
Richard W. Knepper, J.____ _______________________________ JUDGE CONCUR.