OPINION
Defendant-appellant, William Perko, appeals the decision of the Columbiana County Eastern Area Court, finding him guilty of driving under the influence of alcohol, following his plea of no contest.
On January 20, 1997, Trooper Kelvington, of the Ohio State Highway Patrol, was parked in a crossover facing north along State Route 11 in Fairfield Township. At 2:45 a.m. appellant passed Kelvington, traveling northbound. As appellant passed, Kelvington claimed that he noticed appellant weaving, and so pulled out to follow him. As Kelvington followed, appellant drove over the right edge line several times, at which point Kelvington activated his overhead lights and pulled appellant over. During the initial contact, Kelvington noticed appellant's eyes were glassy and bloodshot, and detected an odor of alcohol.
Once stopped, Kelvington requested appellant's driver's license and vehicle registration, and asked appellant to come back to the patrol car in order to determine whether the smell of alcohol was coming from appellant or his passenger. Kelvington testified that he continued to smell alcohol while appellant was in the patrol car, and that appellant's speech was slurred. Kelvington then performed various field sobriety tests on appellant, and following appellant's poor performance, placed appellant under arrest for driving under the influence of alcohol. A breath test was subsequently administered which indicated that appellant's blood alcohol content was .161.
Appellant was charged with driving across the right edge line, in violation of R.C. 4511.33, and driving under the influence of alcohol, in violation of R.C. 4511.19(A)(3). On January 21, 1997, appellant filed a motion to suppress alleging, inter alia, that Trooper Kelvington had no lawful cause to stop appellant and no probable cause to make a warrantless arrest. A hearing on the motion was held on April 22, 1997, at which Kelvington was the only witness to testify. Kelvington testified that appellant was "weaving somewhat" as he had passed him and that appellant drove over the right edge line several times. Notably, Kelvington did not testify how far appellant had strayed over the line, for how long appellant had remained over the line, or for how long Kelvington had followed appellant. Kelvington did testify that the incident occurred on a straight stretch of road, and that the cars had been traveling at about 50 miles per hour. Kelvington did not state whether or not any other vehicles were on the road at the time.
On April 22, 1997, the trial court ruled that at the time of arrest, Kelvington had probable cause to arrest appellant. However, on the issue of whether there was reasonable suspicion sufficient to warrant the initial stop, the trial court reserved its ruling, permitting both parties to file briefs on the matter.
The trial court issued its decision regarding the stop of appellant on May 29, 1997, ruling that the stop had been based on reasonable suspicion. In ruling so, the trial court made a point of distinguishing the facts of the instant case from those inState v. Drogi (1994), 96 Ohio App.3d 466, a prior decision from this court. Subsequently, appellant entered a plea of no contest and was found guilty on both charges. Appellant then filed a timely notice of appeal.
In his sole assignment of error, appellant states:
 "The trial court committed reversible error by finding that the Defendant-Appellant's driving over the right edge line of the highway constituted probable cause for the traffic stop which led to his eventual arrest."
Appellant argues that Trooper Kelvington did not have a reasonable and articulable suspicion of criminal activity sufficient to justify the traffic stop. Specifically, appellant argues that this case is factually similar to Drogi, supra, and argues for its application in the instant case.
We note at the outset that plaintiff-appellee, State of Ohio, has failed to file a brief in this matter. Therefore, pursuant to App.R. 18(C), this court is authorized to accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
In reviewing a motion to suppress, an appellate court is to determine whether the court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288. With respect to an investigatory stop, an officer must have a reasonable, articulable suspicion that a person is or has been engaged in criminal activity before he is justified in making the stop. Id. (citing Terry v. Ohio [1968],392 U.S. 1).
In Drogi, supra, the defendant's vehicle was observed crossing the center line between two lanes on a stretch of four lane divided highway. The vehicle then moved right towards the edge line, then left, back towards the center line, then back, crossing the edge line an unspecified distance. No other cars were on the highway at the time, nor was there any indication as to how far the defendant's vehicle crossed over the lines. No testimony was presented regarding any other signs of erratic driving. In reversing the defendant's conviction, this court stated:
 "Many courts, including this one, have held, and should continue to hold, that weaving may be sufficient to justify an investigative stop. But here the evidence shows no erratic driving, speeding, or other criminal activity so as to give Trooper Clark a reasonable and articulable suspicion for which to stop appellant's vehicle. Appellant was driving his vehicle, for the most part, within a single lane of traffic on a four-lane divided highway. Absent the observation of erratic driving or a traffic violation, appellant's right to privacy outweighs any general suspicion a police officer may have." Drogi, supra, at 469-470
 Drogi itself was based on the holdings in State v. Gullett
(1992), 78 Ohio App.3d 138, and State v. Williams (1993), 86 Ohio App.3d 37. In Gullett, the defendant's vehicle twice crossed the right edge line. There was no indication of how brief the crossing was or how far the line was crossed, and there were no other indications of erratic or abnormal driving. In affirming the trial court's granting of defendant's motion to suppress, the Court of Appeals for Highland County stated:
 "The touchstone of the Fourth Amendment is reasonableness. Where a vehicle is driven on a roadway with no other traffic present, there was no speeding, erratic driving or other conduct, except for the edge line incident, to indicate that appellee was impaired, the balance is in favor of the right of privacy and against the need for a stop." Gullett, supra, at 145
So too, in Williams, supra, the defendant's vehicle crossed the center line by one tire width on two occasions. In reversing defendant's conviction, the Court of Appeals for Pickaway County stated:
 "In sum, such minor weaving over a two-mile section of highway is not so unreasonable as to give a legitimate suspicion of criminal activity. If we were to hold otherwise, virtually every vehicle traveling our highways would be subject to being stopped. While the Fourth Amendment may provide less protection to persons in their vehicles than that afforded to citizens in their homes, its coverage is not so illusory as to justify this stop." Williams, supra, at 43
Despite its attempt to find a factual distinction, the trial court conceded that the facts of the instant case were "remarkably similar" to those in Drogi, supra. Nonetheless, the trial court declined to apply the latter, apparently concerned with whether or not Drogi remained the law of this jurisdiction. We take this opportunity to reassure the trial court that the principles outlined in Drogi remain as valid today as when we first announced them. That is, in the absence of erratic driving or a traffic violation, insubstantial drifts across a road's lines do not provide a reasonable and articulable basis upon which a traffic stop may be made.
In the instant case, there was no testimony that appellant had been driving erratically, or that he was committing some other traffic violation. Although Trooper Kelvington testified that appellant crossed the edge line "several times", there is nothing to indicate exactly how many times and over what distance this conduct occurred. Nor did Kelvington elaborate further upon his statement that appellant had been "weaving somewhat." In the absence of any evidence to establish erratic driving, speeding, or other criminal activity, and having correctly found that the facts in the instant case were "remarkably similar" to those inDrogi, supra, the trial court erred in failing to apply the latter.
Because the trial court should have granted appellant's motion to suppress, appellant's sole assignment of error has merit.
Accordingly, the judgment of the trial court is hereby reversed and appellant is discharged.
Cox, J., concurs.
Waite, J., dissents; see dissenting opinion.
APPROVED:
 __________________________________ Gene Donofrio Judge