DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Municipal Court judgment finding Gregory S. Ebright, defendant below and appellant herein, guilty of: (1) driving while under the influence, in violation of Athens City Code ("ACC") 7.03.07 (A) (1); (2) driving under suspension, in violation of ACC 7.03.11; and (3) having expired tags, in violation of ACC 7.03.31.
Appellant raises the following assignment of error for review:
 "THE TRIAL ERRED WHEN IT OVERRULED THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED IN VIOLATION OF THE DEFENDANT-APPELLANT'S RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 14, OF THE OHIO CONSTITUTION."
Our review of the record reveals the following relevant facts. On February 24, 1999, at approximately 1:00 a.m., Athens City Police Officers Fish and Stotts responded to a tip that a drunk driver was present at the Wendy's restaurant drive-thru. Officer Stotts pulled his police cruiser toward the front and the passenger side of the car that was parked at the drive-thru, while Officer Fish approached the car from behind. The officers intended to engage the driver of the vehicle in conversation.
As Officer Stotts began to approach the driver's side window of the vehicle, the driver began to pull away and almost hit Stotts. Because the officers believed that the driver had operated his vehicle in a reckless manner by almost hitting Stotts, the officers decided to stop the driver.
While speaking with the driver of the vehicle, who later was identified as the appellant, the officers noticed a strong odor of an alcoholic beverage emanating from the vehicle. The officers observed behavior that led them to believe that appellant had been operating his vehicle while under the influence of alcohol and decided to arrest appellant. Appellant subsequently was charged with driving while under the influence, driving with a suspended license, and having expired tags.
On March 23, 1999, appellant filed a motion to suppress evidence. Appellant argued that the officers violated hisFourth Amendment right to be free from unreasonable seizures because: (1) the officers lacked reasonable suspicion to conduct the traffic stop; and (2) the officers lacked probable cause to arrest appellant.
The state countered that no Fourth Amendment violation had occurred. The state argued that when the officers initially attempted to approach appellant, the encounter was consensual and the Fourth Amendment was not implicated. The state contended that appellant's act of driving away and almost hitting Officer Stotts gave the officers reasonable suspicion to stop appellant. Once the officers had stopped appellant, the officers noticed a strong odor of alcohol. Further observation led the officers to conclude that appellant had been driving while under the influence. Thus, the state argued that the totality of the circumstances demonstrated that no Fourth Amendment violation occurred.
On July 15, 1999, the trial court overruled appellant's motion to suppress evidence. The court concluded that a Fourth Amendment seizure did not occur when the officers approached appellant's stationary vehicle at the drive-thru. Rather, the court agreed with the state that the initial attempt at an encounter was consensual and did not implicate the Fourth Amendment. The court found that after appellant operated his vehicle in such a manner as to nearly strike Officer Stotts, the officers conducted an investigatory stop, a Fourth Amendment seizure. The court determined that because the officers possessed a reasonable suspicion that appellant was committing a traffic violation, noFourth Amendment violation occurred. Moreover, the court determined that the officers' subsequent observations of appellant gave them probable cause to arrest appellant for operating a motor vehicle while under the influence.
Subsequently, appellant entered no contest pleas to the charges contained in the complaint. Appellant filed a timely notice of appeal.
In his sole assignment of error, appellant argues that the trial court erred by overruling his motion to suppress evidence. Appellant asserts that the trial court improperly concluded that the law enforcement officers did not violate his Fourth Amendment right to be free from unreasonable seizures. Appellant contends that the officers lacked reasonable suspicion for the investigative stop. Appellant premises his argument upon the theory that the officers "seized" appellant, within the meaning of the Fourth Amendment, when the officers approached appellant's vehicle when the vehicle was parked at the drive-thru. Appellant notes that the officers' proffered reason for initially approaching appellant was based upon an informant's tip that a drunken patron was at the restaurant's drive-thru. Appellant contends that the tip, lacking any indicia of reliability or corroboration, was insufficient to give the officers reasonable suspicion. Thus, appellant argues, the seizure violated theFourth Amendment.
The state asserts that the trial court properly determined that no Fourth Amendment violation occurred. The state argues that: (1) no "seizure" occurred when the officers attempted to approach appellant's vehicle when the vehicle was parked at the drive-thru; and (2) the encounter was consensual and did not implicate the Fourth Amendment. Thus, argues the state, the not need reasonable suspicion to approach appellant's parked vehicle. The state recognizes, however, that once appellant drove his vehicle away from the drive-thru, the officers were required to possess a reasonable suspicion of criminal activity in order to stop appellant. Thus, the state contends that a reasonable suspicion for the stop arose once appellant recklessly operated his motor vehicle by almost hitting Officer Stotts.
Initially, we note that when ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. See State v. Dunlap (1995), 73 Ohio St.3d 308,314, 652 N.E.2d 988, 995; State v. Fanning (1982),1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584. Accordingly, a reviewing court must defer to the trial court's findings of fact if supported by competent, credible evidence. See Dunlap, supra;State v. Curry (1994), 95 Ohio App.3d 93, 96, 641 N.E.2d 1172,1174. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Curry, 95 Ohio App.3d 93, 96, 641 N.E.2d at 1174; State v.Shelpman (May 23, 1991), Ross App. No. 1632, unreported.
The Fourth and Fourteenth Amendments to the United States Constitution,[1] as well as Section 14, Article I of the Ohio Constitution,[2] protect individuals against unreasonable governmental searches and seizures. Delaware v. Prouse (1979),440 U.S. 648, 662, 99 S.Ct. 1391, 59 L.Ed.2d 660; State v.Gullett (1992), 78 Ohio App.3d 138, 143, 604 N.E.2d 176, 179. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. UnitedStates (1967), 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576; see, also, State v. Sneed (1992), 63 Ohio St.3d 3, 6-7,584 N.E.2d 1160, 1165; State v. Braxton (1995), 102 Ohio App.3d 28,36, 656 N.E.2d 970, 975.
The Fourth Amendment is not implicated in every police-citizen encounter. United States v. Mendenhall (1980), 446 U.S. 544, 553,100 S.Ct. 1870, 64 L.Ed.2d 497. Rather, it is when the encounter rises to the level of a "seizure" that Fourth Amendment concerns arise.
A "seizure" in the context of the Fourth Amendment occurs when there is some application of physical force, even if extremely slight, or a show of authority to which the subject yields.California v. Hodari D. (1991), 499 U.S. 621, 623,111 S.Ct. 1547, 113 L.Ed.2d 690. As the court stated in Hodari D.:
 "To constitute a seizure of the person, just as to constitute an arrest — the quintessential `seizure of the persons' under the Fourth Amendment jurisprudence — there must be either the application of physical force, however slight, or where that is absent, submission to an officer's show of authority' to restrain the subject's liberty."
Id.
A person has been "seized" within the meaning of theFourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave. Mendenhall, 446 U.S. at 554,100 S.Ct. 1870, 64 L.E.2d 497; see, also, Michigan v. Chesternut (1988)486 U.S. 567, 573, 108 S.Ct. 1975, 100 L.Ed.2d 565. The reasonable person standard is objective and permits police to determine in advance whether conduct that they contemplate will implicate theFourth Amendment. Chesternut, 486 U.S. at 574, 108 S.Ct. 1975,100 L.Ed.2d 565. Circumstances indicating a possible seizure include:
 "The threatening presence of several officers; the display of a weapon; physical touching of the person; the use of language or tone of voice indicating that compliance with the officer's request might be compelled; uniformed attire of the officer; and summoning the citizen, as opposed to approaching the citizen and identifying oneself as a law enforcement officer * * *."
State v. Lawrence (Nov. 21, 1995), Franklin App. No. 95APA04-459, unreported.
In the case at bar, we agree with the trial court's conclusion that appellant was not "seized," within the context of theFourth Amendment, when the officers initially attempted to approach appellant's parked vehicle. See State v. Wolske (May 29, 1998), Wood App. No. WD-97-061, unreported (finding no Fourth Amendment seizure when car already parked). The record contains no evidence that the officers restrained appellant's liberty or applied any amount of physical force.[3] Moreover, we note that appellant's conduct of driving away from the officers evinces his belief that he was free to leave.
Thus, because the initial encounter between appellant and the officers did not rise to the level of a Fourth Amendment seizure, the encounter was consensual. This encounter did not, therefore, implicate Fourth Amendment concerns. An officer need not possess reasonable suspicion or probable cause to initiate a consensual encounter.
Consequently, we disagree with appellant's argument that the officers "seized" appellant in violation of the Fourth Amendment, when the officers approached appellant's vehicle when the vehicle was parked at the drive-thru. No seizure had yet to occur and the officers were not required to possess reasonable suspicion to approach appellant's vehicle. Thus, we reject appellant's argument that the alleged seizure was invalid because the officers relied upon an uncorroborated and unreliable tip.
Furthermore, we agree with the state that the subsequent stop of appellant's vehicle fell within the purview of aFourth Amendment seizure and required the officers to possess reasonable suspicion of criminal activity. We note that a law enforcement officer may stop a vehicle[4] and detain its occupants without violating the prohibition against unreasonable searches and seizures if the law enforcement officer has a reasonable, articulable suspicion to believe that an individual is violating law. Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391,59 L.Ed.2d 660; Maumee v. Weisner (1999), 87 Ohio St.3d 295, 297,720 N.E.2d 507, 510. The officers observed appellant's reckless driving and decided to investigate further. Therefore, we agree with the trial court's conclusion that no violation of theFourth Amendment occurred.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: _______________________________ Peter B. Abele Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[2] Section 14, Article I of the Ohio Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.
[3] We note that the trial court concluded in its decision overruling appellant's motion to suppress evidence that "neither [police] vehicle blocked Ebright's vehicle."
[4] A traffic stop is a seizure. See Dayton v. Erickson (1996),76 Ohio St.3d 3, 665 N.E.2d 1091.