OPINION
Appellant State of Ohio appeals the decision of the Holmes County Court that granted Appellee Gerald Jacobs' motion to suppress. The following facts give rise to this appeal. On October 15, 1998, at approximately 11:30 p.m., Patrolman Todd Booth of the Millersburg Police Department was on routine patrol headed northbound on Washington Street. Washington Street is a state highway marked for two opposing lanes of travel with a painted centerline and edge lines. The posted speed limit on Washington Street is thirty-five miles per hour. Patrolman Booth observed what appeared to be a very wide vehicle with four headlights approaching him. Patrolman Booth noticed that the pair of headlights to his left were bouncing up and down and discovered that they belonged to a vehicle that had left the highway, entered a private parking lot, and passed another vehicle on the right. Following this observation, Patrolman Booth stopped appellee's vehicle. Patrolman Booth noticed a strong odor of alcohol as he approached appellee's vehicle. Appellee also had bloodshot eyes. Appellee informed Patrolman Booth that he had a couple of drinks and that he passed the vehicle on the right because the vehicle had cut him off. After showing clues on several field sobriety tests, Patrolman Booth placed appellee under arrest for operating a motor vehicle while under the influence of alcohol, operating a motor vehicle with a prohibited concentration of blood alcohol by breath, and passing on the right. At his arraignment, appellee entered a plea of not guilty. On November 2, 1998, appellee filed a motion to suppress on the basis that Patrolman Booth did not have probable cause to make a warrantless stop of his vehicle. On February 5, 1999, the trial court denied appellee's motion to suppress. On February 16, 1999, appellee filed a motion for reconsideration requesting that the trial court reconsider its decision overruling his motion to suppress. The trial court filed a judgment entry on April 28, 1999, and reversed its earlier decision overruling appellee's motion to suppress. The trial court relied on the case of State v. Gullett (1992), 78 Ohio App.3d 138 and found that passing on the right is insufficient cause to stop a vehicle. The State of Ohio timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE MOTION TO SUPPRESS, AS THE OFFICER HAD PROBABLE CAUSE TO STOP THE DEFENDANT'S VEHICLE FOR A VIOLATION OF OHIO REV. COD. SEC. 4511.28.
 I
Appellant State of Ohio maintains, in its sole assignment of error, that the trial court abused its discretion when it granted appellee's motion to suppress because Patrolman Booth had probable cause to stop appellee's vehicle. We agree. In the case sub judice, appellant contends the trial court failed to apply the correct law to the findings of fact. Under this type of review, we can reverse the trial court's decision for committing an error of law. State v. Williams (1993), 86 Ohio App.3d 37. In concluding Patrolman Booth did not have probable cause to stop appellee's vehicle, the trial court relied on the Gullett decision. However, upon review of this decision, we conclude Gullett is factually distinguishable from the matter currently before the court and the trial court erred when it granted appellee's motion to suppress. Prior to addressing appellant's assignment of error, we find it necessary to address the applicable case law concerning a stop of a motor vehicle. The trial court and Appellant State of Ohio apply a probable cause standard for a stop of a motor vehicle. However, it is well-settled law in Ohio that reasonable and articulable suspicion is required for an officer to make a warrantless stop. Terry v. Ohio (1968), 392 U.S. 1. "Probable cause to arrest a suspect for driving under the influence is not necessary in order to stop a vehicle for suspected criminal activity." State v. Brandenburg (1987), 41 Ohio App.3d 109, 110. The reasonable and articulable standard is a lesser standard and not synonymous with the probable cause standard needed to place a person under arrest. Delaware v. Prouse (1979), 440 U.S. 648. Thus, in analyzing appellee's motion to suppress, the trial court should have considered whether Patrolman Booth had a reasonable, articulable suspicion to stop appellee, not whether Patrolman Booth had probable cause to effect the stop. Based on our review of the record, we conclude Patrolman Booth had a reasonable, articulable suspicion to stop appellee. Patrolman Booth testified, at the suppression hearing, that he observed appellee's vehicle pass on the right, in a no-passing zone, in violation of R.C. 4511.28. Tr. Suppression Hrng. at 7. Although this may be a minor traffic violation, we concluded in State v. Ivers (Dec. 23, 1999), Licking County App. No. 99-48 at 3, that "* * * neither the United States Supreme Court nor the Ohio Supreme Court considered the severity of the offense as a factor in determining whether the law enforcement official had a reasonable, articulable suspicion to stop a motorist." We further conclude that the Gullett decision is inapplicable to the case sub judice because Gullett addressed the issue of drifting and crossing the white edge lines. In the case sub judice, Patrolman Booth did not testify that appellee "drifted" over the white edge lines. Instead, the testimony establishes that appellee intentionally passed a vehicle, on the right, which is a violation of R.C. 4511.28. Accordingly, we conclude the trial court committed an error of law by relying on the Gullett decision and granting appellee's motion to suppress. Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Holmes County Court, Millersburg, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
 ____________________ Wise, J.
By: Gwin, P.J., and Edwards, J., concur.