OPINION
Appellant, Todd W. Worthy, appeals from the denial of his motion to suppress and subsequent conviction for driving under the influence ("DUI"), in violation of R.C. 4511.19(A)(1). The following facts are relevant to a determination of this appeal.
On January 31, 1999, at approximately 2:50 a.m., appellant was driving his car eastbound on State Route 20 in Perry Township, Ohio. Deputy Sheriff Jeffrey Sherwood of the Lake County Sheriff's Department was also traveling eastbound on State Route 20, not far behind appellant. State Route 20 is a four-lane roadway with two lanes of travel in each direction. Appellant was driving in the curb lane, not exceeding the posted speed limit. Deputy Sherwood observed appellant's vehicle cross partially (one-quarter width of the car) into the other eastbound lane for a brief period of time, then return to the curb lane. Without witnessing any other weaving or erratic driving, Deputy Sherwood immediately initiated a stop of appellant. After determining that appellant was under the influence of alcohol, Deputy Sherwood placed appellant under arrest and cited him for DUI, driving under suspension, failure to have an operator's license, and a marked lane violation.
On March 9, 1999, appellant filed a motion to suppress in the trial court alleging that the deputy lacked articulable and reasonable suspicion that a crime had occurred sufficient to justify a stop. A hearing was conducted by the trial court on March 23, 1999, and, following the hearing, the court denied appellant's motion. Appellant entered a plea of no contest to the DUI charge, and the other charges were dismissed by the trial court. Appellant was found guilty and was sentenced accordingly.
Appellant timely filed a notice of appeal and has now set forth the following assignment of error:
 "The trial court erred to the prejudice of the appellant by denying appellant's motion to suppress."
In the sole assignment of error, appellant contends that the trial court erred by denying his motion to suppress. We agree.
This court has previously set forth the following standard to review investigative stop cases:
 "In order to conduct an investigative stop of a motor vehicle, a police officer must have an articulable and reasonable suspicion that the motorist is engaged in criminal activity or is operating his vehicle in violation of the law. Delaware v. Prouse (1979), 440 U.S. 648, 663, 99 S.Ct. 1391. The propriety of an investigative stop is to be viewed in light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, 524 N.E.2d 489, paragraph one of the syllabus." Warren v. Cecil (Sept. 30, 1999), Trumbull App. No. 98-T-0152, unreported, at 4.
The state argues that the fact that appellant violated the marked lane violation statute, R.C. 4511.33(A), in full view of the deputy, gave the deputy an articulable and reasonable suspicion of criminal activity that justified the stop. However, appellant correctly points out that this court and other Ohio courts have held a de minimis marked lane violation, without other evidence of impairment, does not justify an investigative stop. State v. Spikes (June 9, 1995), Lake App. No. 94-L-187, unreported; Ontario v. Mathews (Oct. 23, 1997), Richland App. No. 97-CA-36-2, unreported, 1997 Ohio App. LEXIS 4970; State v. Gullett
(1992), 78 Ohio App.3d 138.
In the case sub judice, a review of the testimony offered at the suppression hearing supports appellant's claim. There was no testimony that appellant had been speeding, weaving, or in any way driving in an erratic manner. The deputy had only observed appellant's vehicle for a distance of less than one hundred feet. Appellant drifted into another unoccupied eastbound lane which, in and of itself, was not a violation of the traffic laws. If he had continued his course into the left-hand lane, there is no question but that no violation would have occurred.
Additionally, R.C. 4511.33(A) provides that "[a] vehicle * * * shall be driven, as nearly is as practicable, entirely within a single lane or line of traffic." (Emphasis added.) The qualifying language of this statute leaves the door open for situations where a vehicle does not stay in a single lane of travel yet no violation occurs. The present case represents a situation where an investigative stop was simply not justified.
Based upon the foregoing analysis, the trial court erred in denying appellant's motion to suppress. Appellant's sole assignment of error is sustained.
The judgment of the trial court is reversed and the matter remanded for further proceedings consistent with this opinion.
 ____________________________________ JUDGE WILLIAM M. O'NEILL
FORD, P.J., NADER, J., concur.