DECISION AND JUDGMENT ENTRY
Michael Binegar appeals his convictions for driving under the influence of alcohol, a violation of R.C. 4511.19, for driving without a valid license, a violation of R.C. 4507.02(B)(1), and for no license plate light, a violation of R.C. 4513.05. He asserts that the Hillsboro Municipal Court should have granted his motion to suppress because the police did not have reasonable suspicion to stop him. We disagree because we find that there are specific and reasonable facts, which warranted Trooper Bennett's belief that a violation of R.C. 4513.05 was occurring. Accordingly, we affirm the decision of the trial court.
 I.
Trooper Bennett noticed Binegar's vehicle as they were traveling opposite directions on State Route 73 in Hillsboro. He noticed that Binegar's car did not appear to have a rear license plate. He turned his car around and activated the car's overhead lights to stop Binegar. After interacting with Binegar, Trooper Bennett charged Binegar with driving under the influence of alcohol, driving under suspension, and a license plate violation. Binegar filed a motion to suppress arguing that Trooper Bennett did not have lawful cause to stop or detain him.
At the suppression hearing, Ohio State Highway Patrol Trooper Andrew Bennett testified that as he passed Binegar's vehicle he thought that it did not have a rear license plate. As a result, Trooper Bennett turned around to follow the car and activated the car's overhead lights as he approached Binegar's car. Trooper Bennett explained that he then noticed that Binegar's car had a rear license plate, but that it was not illuminated. Trooper Bennett approached Binegar's car to advise him of the problem. Because he immediately noticed a strong odor of alcohol coming from the car, Trooper Bennett asked Binegar if he had been drinking. According to Trooper Bennett, Binegar admitted that he had been drinking and agreed to do some field sobriety tests. According to Trooper Bennett, he concluded that Binegar was impaired from Binegar's performance on these tests. Trooper Bennett testified that he then arrested Binegar and transported him to the Hillsboro Police Department.
Trooper Bennett testified on cross-examination that the area where he first observed Binegar is a hilly, curvy road. He estimated that he was traveling about thirty miles per hour as he passed Binegar, who was also traveling about thirty miles per hour.
At the conclusion of the hearing, the trial court verbally overruled Binegar's motion to suppress. Because there is no written entry in the record overruling Binegar's motion to suppress and because the trial court verbally overruled the motion at the conclusion of the hearing on the motion to suppress, we find that the trial court overruled the motion to suppress. State v. Rozell (June 20, 1996), Pickaway App. No. 95CA17, unreported (when a trial court fails to rule on a motion, we presume that the trial court overruled the motion). But see Schenley v. Kauth (1953)160 Ohio St. 109, paragraph one of the syllabus (a court speaks only through its journal).
After Binegar pled no contest to the charges, the trial court found him guilty on all counts and sentenced him accordingly.
Binegar appeals and asserts the following assignment of error:
 the trial court erred in overruling defendant's motion to suppress based on its finding that the trooper had a reasonable articulable SUSPICION to stop.
 II.
Binegar argues that it was unreasonable for Trooper Bennett to stop him for a violation of R.C. 4514.05 because: (1) Trooper Bennett could not have determined if Binegar's license plate light was visible from fifty feet, measured on a straight level unlighted highway as required by R.C.4513.05, because the road that they were traveling on was hilly and curvy; (2) Trooper Bennett did not have enough time to form a reasonable opinion about the functionality of the license plate given the speed of the cars.
Appellate review of a decision on a motion to suppress evidence presents mixed questions of law and fact. State v. McNamara (1997),124 Ohio App.3d 706, citing United States v. Martinez (11th Cir. 1992),949 F.2d 1117, 1119. At a suppression hearing, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. State v.Carter (1995), 72 Ohio St.3d 545, 552. A reviewing court should not disturb the trial court's findings on the issue of credibility. State v.Mills (1992), 62 Ohio St.3d 357, 366. A reviewing court must accept a trial court's factual findings if they are supported by competent, credible evidence. State v. Guysinger (1993), 86 Ohio App.3d 592, 594. An appellate court reviews the trial court's application of the law de novo.State v. Anderson (1995), 100 Ohio App.3d 688, 691.
The Fourth Amendment to the United States Constitution guarantees "the right of the People to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Section 14, ArticleI, of the Ohio Constitution guarantees the "right of all people to be secure in their person, houses, papers, and possessions, against unreasonable searches and seizures." Accordingly, the government is prohibited from subjecting individuals to unreasonable searches and seizures. Delaware v. Prouse (1979), 440 U.S. 648, 662; State v. Gullet
(1992), 78 Ohio App.3d 138, 143.
The investigative stop exception to the Fourth Amendment warrant requirement allows a police officer to conduct a brief investigative stop if the officer possesses a reasonable suspicion, based upon specific and reasonable facts, which, taken together with rational inferences from those facts, warrants the belief that criminal behavior is imminent.Terry v. Ohio (1968), 392 U.S. 1; United States v. Brignoni Ponce
(1978), 422 U.S. 873; State v. Andrews (1991), 57 Ohio St.3d 86; Statev. Venham (1994), 96 Ohio App.3d 649, 654. To justify an investigative stop, the officer must be able to articulate specific facts that would warrant a person of reasonable caution in the belief that the person stopped is about to commit a crime. Prouse at 659; Terry. The propriety of an investigative stop must be reviewed in the light of the totality of the circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, 178.
Here, Trooper Bennett's testimony contains specific facts that would warrant a person of reasonable caution in the belief that Binegar was committing a crime, i.e., violations of the license plate requirements. As he passed Binegar, Trooper Bennett did not see a rear license plate. When he turned his vehicle around, he observed that there was a license plate on the car, but that it was not properly illuminated. Thus, Trooper Bennett had the requisite reasonable suspicion to stop Binegar. Binegar's arguments concern whether Binegar actually violated R.C. 4513.05. The state need not show that Binegar actually violated R.C. 4513.05 to justify an investigative stop. Terry. Accordingly, we overrule Binegar's only assignment of error and affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hillsboro Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 _____________________ Roger L. Kline, Judge.
Abele, P.J. Harsha, J. Concur in Judgment and Opinion.