OPINION
Defendant-appellant Keyon Ardell Lambert appeals the March 12, 2001 Judgment Entry of the Canton Municipal Court, Canton, Ohio. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 15, 2001, at approximately 1:43 A.M., Ohio State Highway Patrol Trooper Christopher F. Castellanos [hereinafter the Trooper] observed a vehicle, driven by defendant-appellant, Keyon Ardell Lambert [hereinafter appellant], cross over the white line on the right side of the road by a tire width. The Trooper further observed appellant drive on the white line two more times.[1] The Trooper stopped appellant for a marked lanes violation. After an investigation, appellant was charged with one count of failure to drive in marked lanes, in violation of R.C. 4511.33, one count of driving while under the influence of alcohol, in violation of R.C. 4511.19(A)(1), one count of operating a motor vehicle with no operator's license, in violation of R.C. 4507.02(B)(1), and one count of failure to wear a seat belt, in violation of R.C. 4513.263.
On February 16, 2001, appellant filed a Motion to Suppress. The Motion to Suppress alleged that appellant had committed only de minimus
violations of the traffic laws and that such violations did not constitute articulable suspicion for a traffic stop.[2] A hearing on appellant's motion was held March 1, 2001. On March 6, 2001, the trial court issued a Judgment Entry in which it implicitly found that the Trooper had reasonable, articulable suspicion that appellant had committed a traffic violation. Applying State v. McCormick (Feb. 25, 2001), Stark App. No. 2000CA00204, unreported, in which this court stated that a vehicle may be constitutionally stopped when an officer has reasonable, articulable suspicion that a traffic offense has been committed, the trial court then denied appellant's Motion to Suppress.
On March 12, 2001, appellant entered a plea of no contest and was convicted of driving while under the influence, driving with no operator's license and failure to drive within the marked lanes. It is from the conviction and denial of his Motion to Suppress that appellant appeals, raising the following assignment of error:
 THE TRIAL COURT'S DENIAL OF THE DEFENDANT'S MOTION TO SUPPRESS WAS AN ERROR OF LAW.
Initially, we note that there are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 486, State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. See State v. Williams (1993), 86 Ohio App.3d 37, overruled on other grounds. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93, 96, State v.Claytor (1993), 85 Ohio App.3d 623, 627, and State v. Guysinger (1993),86 Ohio App.3d 592. As the United States Supreme Court held in Ornelasv. U.S. (1996), 517 U.S. 690, 699, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal."
The only issue raised for review by appellant is whether crossing the white line on the right side of the road once and then touching that white line two more times is sufficient articulable suspicion to justify a traffic stop.[3] Appellant cites this court to State v. Gullett
(1992), 78 Ohio App.3d 138, 145, for the proposition that a crossing of the edge line of a roadway, without any other violation, does not outweigh a citizen's right of privacy against a traffic stop and is insufficient to establish reasonable, articulable suspicion. Appellant argues that the trial court erred when it failed to apply State v.Gullet, supra. and instead applied State v. McCormick (Feb. 2, 2001), Stark App. No. 2000CA00204, unreported.
In Gullet, the arresting officer observed Gullet's vehicle drift over to the right and cross the white edge line and veer back into the lane of travel and, when executing a sharp turn, cross the edge line a second time. Gullet, 78 Ohio App.3d at 141. The Court of Appeals for the Fourth District found that "[w]here a vehicle is driven on a roadway with no other traffic present, there was no speeding, erratic driving or other conduct, except for the edge line incident, to indicate that appellee was impaired, the balance is in favor of the right of privacy and against the need for a stop." Id. at 145. Based on the totality of the circumstances, the Gullett court found that there were not sufficient articulable facts, and inferences therefrom, to constitutionally justify the stop. Id.
However, we do not agree with appellant that Gullet is controlling. We find that the trial court applied the proper law. It is well-settled law in Ohio that reasonable and articulable suspicion is required for an officer to make a warrantless stop. Terry v. Ohio (1968), 392 U.S. 1. "Where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minortraffic violation, the stop is constitutionally valid. . . ." City ofDayton v. Erickson (1996), 76 Ohio St.3d 3, 11-12. (Emphasis added); SeeWhren v. United States (1996), 517 U.S. 806. The reasonable and articulable standard is a lesser standard and not synonymous with the probable cause standard needed to place a person under arrest. Delawarev. Prouse (1979), 440 U.S. 648.
This court addressed the same argument as was raised in Gullett, and as appellant raises herein, in State v. McCormick. That argument, as set forth in State v. McCormick, supra, is "where a driver commits only a deminimus marked lane violations, some other evidence to suggest impairment is needed before an officer is justified in stopping the vehicle". InMcCormick, this court reiterated its declination to follow the rationale that a vehicle cannot be stopped for a de minimus traffic violation. We stated the law as follows:
 The severity of the violation is not the determining factor as to whether probable cause existed for the stop. State v. Weimaster (Dec. 21, 1999), Richland App. No. 99CA36, unreported. Rather, ". . . Where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid. . . ." Id. [citing Erickson, 76 Ohio St.3d at 11-12]. (Emphasis added).
Therefore, pursuant to McCormick and Erickson, any traffic violation would form a sufficient basis upon which to stop a vehicle. By definition, even a de minimus violation is a violation.
Appellant attempts to factually distinguish our decision in McCormick
by arguing that McCormick's driving included going left of center, into the oncoming lane of traffic. McCormick's vehicle traveled on the centerline through a crosshatched area of the road more than once, drove for a significant amount of time directly on the yellow line and, in several instances, traveled on the white line on the right side of the road. Appellant implies that while going left of center may create reasonable, articulable suspicion to justify a stop, touching or briefly crossing the white line is qualitatively different or less dangerous. Appellant argues that his "de minimus" violation did not justify a traffic stop. However, while McCormick may be factually distinguished from the case sub judice, we find the law of McCormick equally applicable to this factual situation. We find that the trial court did not commit an error of law in applying McCormick and that McCormick is dispositive.
Appellant further contends that R.C. 4511.33 leaves the door open for situations where a vehicle does not stay in the single lane of travel yet no violation occurs. Revised Code 4511.33(A) states:
 "A vehicle . . . shall be driven, as nearly as is practicable entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety."
Appellant argues that, in the case sub judice, appellant was driving on a foggy night on a road with hills and curves in a large Cadillac and not touching the white line may not have been practicable. However, while appellant may argue that there were reasons for which appellant should not have been convicted of a violation of R.C. 4511.33(A), an officer is not required to have proof beyond a reasonable doubt that someone has violated the marked lane statute in order to make a traffic stop nor must an officer eliminate all possible innocent explanations for someone going over the edge lines. See State v. Boyd (Oct. 10, 1996), Richland App. No. 96-CA-3, unreported. The officer need only have a reasonable suspicion based upon articulable facts that the driver violated the marked lanes statute. In this case, the Trooper observed appellant cross the white line by a tire width and touch the white line two more times, all within a mile and a half distance. In addition, appellant entered a plea of no contest to the marked lanes violation. The appellant did not go to trial nor challenge the finding of guilty made by the trial court following the no contest plea. The appellant has waived his ability to challenge whether or not there was a marked lane violation.
We find there was sufficient reasonable, articulable suspicion of a violation of the marked lanes statute to justify a stop of the motor vehicle. Therefore, we find that the Trooper's stop of appellant's vehicle was constitutionally valid. The trial court did not commit an error of law when it denied appellant's Motion to Suppress.
Appellant's sole assignment of error is overruled.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court is affirmed. Costs to appellant.
EDWARDS, P.J., WISE, J. and BOGGINS, J. concurs.
[1] The transcript of proceedings at the Hearing on the Motion to Suppress indicates that the Trooper turned on a video camera after the initial crossing of the white line. However, the videotape was not admitted into evidence at the Hearing.
[2] The Motion to Suppress further alleged that the field sobriety tests given to appellant were not administered in strict compliance with the standardized testing procedures. The trial court suppressed one of the three sobriety tests administered to appellant. However, appellant does not appeal any issue relative to the sobriety tests.
[3] The white line on the right side of the road is sometimes referred to as the fog line or the berm line.