COVINGTON, Chief Judge.
Plaintiff, a landowner in East Feliciana Parish brought suit against defendant, would-be purchaser of property for specific performance on a purchase agreement or, in the alternative, for damages.
The trial court refused to enforce the purchase agreement finding that the parties had replaced this agreement with a subsequent contract. The court also determined that $80,000.00 paid by defendant, plaintiff in reconvention, to original plaintiff, defendant in reconvention, as per a Purchase Agreement Extension, was interest, not delay damages. Because this interest exceeded the 12% limit imposed at the time, the court found it to be usurious.
The issues on appeal are:
I. Whether the trial court erred in determining the $80,000.00 paid to original plaintiff was usury?
II. Whether the defense or action for usury prescribed?
*1184 III. Whether the trial court erred in its apportionment of costs?
We believe the trial court erred in determining the $80,000.00 paid to original plaintiff was usury and reverse this portion of the judgment.
FACTS
Plaintiff filed this suit seeking specific performance, or alternatively, damages, for defendant’s breach of a purchase agreement involving immovable property. Defendant reconvened, alleging that plaintiff breached the contract and is liable to defendant for the improvements made to the property, and asked for return of usurious interest paid to Mr. Watson.
In June, 1984, original defendant, William D. Ourso, Sr. (hereinafter referred to as Ourso) contacted Mr. and Mrs. Henry Watson (hereinafter referred to as the Watsons) in order to discuss the possible purchase of approximately 250 acres of land and all improvements thereon located in East Feliciana Parish, Louisiana. The terms of the purchase agreement were put in writing on June 12, 1984 and drawn up as an agreement between the Watsons and Gil Broussard Development Company (hereinafter referred to as The Company), by which The Company agreed to buy the property for a price of $755,070.00 ($3,000.00 per acre).
By act dated June 12, 1984, defendant Ourso personally guaranteed performance of The Company on all conditions set forth in the purchase agreement. That agreement provides that the sale of the property shall be closed prior to December 31, 1984. On December 28, 1984, the parties entered into a “Purchase Agreement Extension” (Extension) which provided for periodic cash payments by Mr. Ourso to the Wat-sons. The sum of $40,000.00 was paid upon execution of the Extension, to be applied to accruing interest, and upon depletion of the $40,000.00 an additional $40,-000.00 was to be deposited for future accruing interest. Pursuant to this agreement, an additional payment of $40,000.00 was made in May, 1985.
USURY
Mr. Watson claims the Extension was merely a contract for delay damages, not for interest. Mr. Ourso claimed delay damages were never mentioned, that these payments were interest payments.
That agreement reads in pertinent part as follows:
On June 12, 1984, SELLERS granted a purchase agreement in favor of Gil Broussard Development Company, whereby the said Gil Broussard Development Company was to purchase from SELLERS 251.69 acres in Sections 8, 62, 64, and 70, Township 2 South, Range 1 East, Greensburg Land District, East Fe-liciana Parish, Louisiana, for a stated price and consideration of SEVEN HUNDRED FIFTY-FIVE THOUSAND SEVENTY AND NO/100 ($755,070.00) DOLLARS, which said purchase agreement expires on December 31, 1984. Under the terms of the original agreement, BUYER was required to pay interest on the purchase price in the event that the sale was not passed within sixty (60) days of the date of execution of the purchase agreement. The above said purchase agreement was personally guaranteed by present BUYER, William D. Ourso, Sr. who has acquired all rights of Gil Broussard Development Company under said purchase agreement.
For and in consideration of the cash sum of $40,000.00, receipt of which is hereby acknowledged, the said SELLERS grant unto BUYER, an extension on the aforesaid purchase agreement to run at thirty (30) day intervals commencing January 10, 1985 and running month to month, provided however, this extension shall expire December 31, 1985. Time is of the essence in this contract.
TERMS OF EXTENSION
In consideration of SELLERS agreement to extend BUYER’S purchase agreement, BUYER agrees that the accrued interest which is due and payable under the before mentioned purchase agreement, namely the sum of $30,-496.98, accrued through December 31, 1984, shall be due on the date of sale in *1185 addition to the purchase price of $755,-070.00, making the total sum due under the purchase agreement, as amended and revised, the sum of $785,566.98, subject to a eredit of the $10,000.00 deposit previously made. BUYER agrees to pay SELLERS interest on the sum of $775,-566.98 from January 1, 1985 through the date of closing, which said interest shall be computed at the rate of Guaranty Bank & Trust Company, Baton Rouge, Louisiana, average prime rate for each month during the year 1985 up to the date of closing the act of sale. The $40,000.00 deposit previously mentioned is non-refundable and shall be applied to the interest mentioned above, as it accrues, and in the event that sale is passed before the sum of $40,000.00 interest accrues, the balance shall be applied to the purchase price.
In the event that sale has not been passed by the time that the initial $40,-000.00 deposit has been applied to accrued interest, BUYER agrees to deposit with SELLERS an additional $40,000.00 during the year 1985 as necessary to serve as an advance interest payment and to be applied to interest as it accrues. All deposits shall be non-refundable, but in the event that a deposit has not been fully utilized in payment of interest as it accrues, as of the date of sale, any unutilized portion of the deposit shall be applied to the sale price.
Failure to pay any interest installment as it becomes due shall entitle SELLERS to terminate this contract, ipso facto, and without any demand or putting into default, or SELLERS may, at their option, demand specific performance under the terms of this contract. All terms of the original purchase agreement other than those amended herein remain in full force and effect and BUYERS rights hereunder terminate on December 31, 1985. Time is of the essence in this contract. (Emphasis added).
The agreement refers to interest. However, usury requires both an excessive rate of interest, and a loan. La.Civil Code Article 2924 is the source of the usury provisions relied on by the trial judge. This Article is found in Title XII of the Code which is titled “Of Loan.” La.Civil Code Article 2924 is found within Chapter 3 of Title XII. Chapter 3 is titled “Of Loan on Interest.” It is obvious that without a loan there can be no usury.
Mr. Watson testified that he offered to finance the land purchase for Mr. Ourso, but Mr. Ourso turned him down.
Mr. Ourso testified that he and Mr. Watson had some disagreements concerning the land purchase. However, these differences were settled.
A. That’s - correct. In other words, what he — this is what he said was, look, you forget about the barn, put the fence up right now. I will get off of the farm and you will have use of all the pastures until January the 1st. January the 1st I will get everything off of the property, you can have use of everything if you go through with it. Now I was going to close it December 28th regardless. What I got in compensation from Mr. Watson was immediate use of the pasture in October, immediate use of the pasture. Number two, compensation I got from Mr. Watson was that he would finance it again in a year. Why should I go down to the bank and borrow $750,000.00. I would be paying the same interest rate. He offered to do it to me. I said, okay, you finance it for a year, I’ll give you Guaranty Bank Prime which I would be paying the same thing to any other large bank and I’ll pay you in $40,000.00 payments: ° Two Thousand a week interest for the right to be able to have total possession of that property. It came to two thousand a week. We even joked about it. And here I am living on the tract of land for six years (sic) doing all of the things that I want to do and it served him well. He didn’t mind taking my $2,000.00 a week. But,—
*1186 Mr. Ourso didn’t make a loan, and therefore was incorrect in assuming his two $40,000.00 payments were interest. Whether they were payments for liquidated damages for delaying the purchase of property as Mr. Watson claims, or whether they were payments for the use of the property before the purchase took place, is irrelevant. They simply could not be usurious interest payments because there was no loan. Therefore the trial court erred as a matter of law in classifying the $80,000.00 paid to Mr. Watson as usurious interest. This money will not be returned. We uphold the court’s judgment against Mr. Our-so for $10,000.00 that was due under the oral contract.
PRESCRIPTION
Since we determined that usury did not occur, the issue of whether the defense of usury prescribed is not considered.
Costs of this appeal are to be divided equally between plaintiff and defendant.
Affirmed in part, reversed in part, and rendered.
SHORTESS, J., concurs.