OPINION
Defendant-appellant, John E. Kosin, appeals from the decision of the Eastern Area Court of Columbiana County finding him guilty of driving under the influence of alcohol, speeding, and having a defective exhaust on his motorcycle.
On April 29, 2000 at approximately 1:15 a.m., appellant was traveling north on State Route 7 in Columbiana County, Ohio on his motorcycle behind another motorcyclist. State Highway Patrol Sergeant Randall Skaggs (Sgt. Skaggs) observed appellant and the other motorcyclist traveling at what he perceived to be a high rate of speed. The speed limit for the road that appellant was traveling on is fifty-five miles per hour. Sgt. Skaggs followed the motorcycles and used his speedometer and radar to determine that they were traveling at a rate of speed in excess of sixty-five miles per hour. He also noticed loud exhausts on one or both of the motorcycles. As he followed the motorcycles he noticed that appellant's motorcycle crossed over the right edge line three times.
Sgt. Skaggs stopped appellant and the other motorcyclist approximately one mile north of the Columbiana-Mahoning County line. While speaking with appellant, Sgt. Skaggs noticed a strong odor of alcoholic beverage coming from appellant. Sgt. Skaggs asked appellant to perform three field sobriety tests including the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test. As Sgt. Skaggs brought appellant to the back of the cruiser to perform the sobriety tests, Trooper Craig Monte (Trooper Monte) arrived at the scene. Based on appellant's poor performance on the sobriety tests, Sgt. Skaggs opined that appellant was under the influence of alcohol. Sgt. Skaggs placed appellant under arrest for D.U.I. and Trooper Monte transported him to the East Palestine Police Department while Sgt. Skaggs transported the other motorcyclist, who was also under arrest for D.U.I.
Once at the police station, Trooper Monte administered a breathalyzer test to appellant. Appellant registered at .129 on the breathalyzer test.
Sgt. Skaggs and Trooper Monte cited appellant for speeding in violation of R.C. 4511.21(D)(1); having a defective exhaust in violation of R.C.4513.22; and driving under the influence of alcohol in violation of R.C.4511.19(A)(1) and (3).
Appellant filed a motion to suppress the results of the breathalyzer test. The trial court conducted a hearing and afterwards denied the motion in its October 10, 2000 judgment entry. Appellant subsequently entered a plea of no contest and on February 27, 2001 the court found him guilty of the offenses charged. The court sentenced appellant to ten days in jail, a 270-day license suspension, and a $550 fine plus costs. It appears that the court may have given appellant the alternative of completing a residential educational alternative program in lieu of jail. Appellant filed his notice of appeal on March 14, 2001.
Appellant raises three assignments of error, the first of which states:
 "THE TRIAL COURT ERRED IN DETERMINING THAT THERE WAS REASONABLE CAUSE TO STOP THE DEFENDANT AND PROBABLE CAUSE TO ARREST HIM FOR DRIVING WHILE UNDER THE INFLUENCE."
Appellant argues that at the hearing on the motion to suppress, Sgt. Skaggs failed to testify that appellant had been operating his motorcycle in an impaired or erratic manner or had violated any traffic laws. Appellant claims that Sgt. Skaggs violated his Fourth Amendment rights by stopping him without a reasonable or articulable suspicion that he was under the influence of alcohol. Appellant cites State v. Gullet (1992),78 Ohio App.3d 138, for the proposition that the mere fact that a vehicle may cross the edge line does not necessarily justify the stop of the vehicle. He appears to contend that this case is similar to Gullet, arguing that Sgt. Skaggs only observed two loud motorcycles.
When reviewing a motion to suppress, an appellate court is to determine whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286, 288. As a reviewing court, this Court must accept the trial court's factual findings and the trial court's assessment of witness credibility. Statev. Quesenberry (May 24, 2001), Belmont App. No. 99-BA-39, unreported, 2001 Wl576676. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standard. Id.
An officer making an investigatory stop must have a reasonable, articulable suspicion that the person is or has been engaged in criminal activity before he is justified in making the stop. Terry v. Ohio
(1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889; Delaware v. Prouse
(1979), 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660.
Whether or not Sgt. Skaggs believed that appellant was intoxicated, he had a reasonable, articulable suspicion to stop him because he believed that appellant was speeding and had a defective exhaust. The Ohio Supreme Court has held:
"Where a police officer stops a vehicle based on probable cause that a traffic violation has occurred or was occurring, the stop is not unreasonable under the Fourth Amendment to the United States Constitution even if the officer had some ulterior motive for making the stop, such as a suspicion that the violator was engaging in more nefarious criminal activity." Dayton v. Erickson (1996), 76 Ohio St.3d 3, 11.
At the hearing on the motion to suppress, Sgt. Skaggs testified that he observed two motorcycles traveling through the intersection of State Route 14 and State Route 7 at an excessive rate of speed for a fifty-five miles per hour zone. He stated that he followed the motorcycles and paced them at sixty-five miles per hour using his certified speedometer. He then used his radar to confirm the speed. Next, Sgt. Skaggs testified that while he was approximately one tenth of a mile behind the motorcycles he could hear loud exhausts on one or both of them. Sgt. Skaggs testified that his windows were up and his radio was playing and he was still able to hear the exhaust. He testified that he turned off the radio and rolled down his window and the exhaust noise became louder. Furthermore, Sgt. Skaggs testified that he noticed one of the motorcycles drift left of center twice and the other motorcycle drift over the right edge line three times by approximately one foot each time. Thus, it is apparent that Sgt. Skaggs had reasonable suspicion to stop appellant because appellant was committing several traffic offenses.
In determining whether an officer had probable cause to arrest an individual for D.U.I., this court must consider whether, "at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." State v. Homan (2000), 89 Ohio St.3d 421, 427. When making this determination, a reviewing court should examine the totality of facts and circumstances surrounding the arrest. Id.
It is evident from the transcript that Sgt. Skaggs and Trooper Monte had sufficient trustworthy information to arrest appellant for D.U.I. Sgt. Skaggs testified that appellant had crossed the right edge line three times by more than one foot each time. Sgt. Skaggs testified that he smelled a strong odor of alcoholic beverage while talking to appellant. He also testified that he administered three field sobriety tests to appellant including the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand test, in accordance with standard police procedures. Sgt. Skaggs testified that he explained the tests to appellant before he had appellant perform them and that appellant appeared to understand the tests. Sgt. Skaggs stated that appellant scored six clues on the horizontal gaze nystagmus test. He explained that during the walk and turn test appellant moved his feet to keep his balance while Sgt. Skaggs gave him the instructions, stopped while walking to steady himself, did not touch heel to toe, raised his arms more than six inches to steady himself, and stepped off the line twice. Sgt. Skaggs also testified that during the one leg stand test appellant swayed while balancing and raised his arms more than six inches to keep his balance. Given the totality of the circumstances, the officers had probable cause to arrest appellant for D.U.I.
Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
"THE TRIAL COURT LACKED VENUE."
Appellant argues that no evidence exists in the transcript to indicate that he committed the offenses in Columbiana County. Thus, he asserts that appellee did not prove venue.
Appellant pled no contest to the charges against him. When a defendant pleads no contest to a traffic offense, it is an admission of the proper venue. State v. Johnson (May 30, 2001), Lorain App. No. 99 CA 7449, unreported, 2001 WL 577671; State v. Schmidhammer (May 24, 1994), Franklin App. No. 93APC10-1452, unreported, 1994 WL 232236; State v.Ulrich (Feb. 12, 1990), Stark App. No. CA-7905, unreported, 1990 WL 15774. Since a traffic citation specifies that the defendant committed the traffic offense in a particular county and state, the defendant waives any issue of improper venue by pleading no contest. See Id. In the case at bar, appellant's traffic citation states that he committed the offenses in Fairfield Township in Columbiana County, Ohio. Thus, appellant waived the issue of venue when he entered his plea of no contest.
Accordingly, appellant's second assignment of error is without merit.
Appellant's third assignment of error states:
 "THE TRIAL COURT ERRED IN NOT SUPPRESSING THE RESULT OF THE INTOXILYZER DUE TO [sic.] FOREIGN SUBSTANCE IN DEFENDANT'S MOUTH."
Appellant argues that he had chewing tobacco in his mouth when Sgt. Skaggs arrested him and when he took the breathalyzer test. He asserts that this violates the Ohio Department of Health requirements for administering a breathalyzer test. Appellant also alleges that the officers failed to observe him for twenty minutes before administering the test to him.
As stated above, when an appellate court reviews a motion to suppress, it is to determine whether the trial court's findings are supported by competent, credible evidence. Winand, 116 Ohio App.3d at 288. At a hearing on a motion to suppress, the trial court assumes the role of trier of facts and, therefore, is in the best position to resolve questions of fact and evaluate witness credibility. State v. Mills
(1992), 62 Ohio St.3d 357, 366; State v. Fanning (1982), 1 Ohio St.3d 19,20.
The trial court found that an officer observed appellant for at least twenty minutes prior to the administration of the breathalyzer test. (October 10, 2000, Judgment Entry). The court also found that appellant did not have any foreign substances in his mouth during that time. (October 10, 2000, Judgment Entry). Although appellant testified to the contrary, competent, credible evidence was adduced at the hearing to support these findings.
Appellant testified that he had chewing tobacco in his mouth when Sgt. Skaggs stopped him and that he did not take it out of his mouth until after he left the police station. He also testified that no one checked his mouth before he took the breathalyzer test.
Trooper Monte testified that from the time he saw appellant at the scene until appellant took the breathalyzer test, he did not see appellant put anything into or take anything out of his mouth. He testified that he transported appellant from the scene of the traffic stop to the police station, which took approximately fifteen to twenty minutes. Trooper Monte testified that during this time he did not observe appellant put anything into or take anything out of his mouth. Trooper Monte further testified that appellant was in his custody the entire time at the police station and that he never saw appellant place anything into his mouth. At the station, Trooper Monte handed the appellant a copy of the BMV-2255 and asked him to follow along while he read same. Appellant then agreed to take the test. Trooper Monte testified that before administering a breathalyzer test he always asks the subject if they have anything in their mouth. He also testified that he visually checks the subject's mouth for any foreign substance by asking the subject to open their mouth and lift their tongue while he looks around. Trooper Monte testified that he followed this policy with appellant.
Although appellant presented some conflicting evidence, appellee presented competent, credible evidence that appellant did not have anything in his mouth when took the breathalyzer test. Since we are to accept the trial court's findings of fact if supported by competent, credible evidence, appellant's third assignment of error is without merit.
For the reasons stated above, the decision of the trial court is hereby affirmed.
Vukovich, J., concurs.
Waite, J., concurs.