DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Court judgment of conviction and sentence. Shane Tarlton, defendant below and appellant herein, pled no contest to driving while under the influence of alcohol in violation of R.C. 4511.19. Appellant raises the following error for review:
 {¶ 2} "THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION TO SUPPRESS THE EVIDENCE OBTAINED FROM THE IMPROPER STOP IN THIS CASE."
 {¶ 3} During the early morning hours of November 11, 2001, Waverly City Police Officer Greg Ford observed on Morningside Drive a vehicle's two left tires cross the roadway's yellow center line by approximately one tire width as the vehicle was driven around a curve. Officer Ford stopped the vehicle and subsequently arrested appellant for operating a motor vehicle while under the influence of alcohol.
 {¶ 4} Appellant filed a motion to suppress evidence. In his motion, appellant asserted that the arresting officer did not possess a reasonable and articulable suspicion of criminal activity to justify the initial investigative stop.
 {¶ 5} At the motion to suppress hearing, appellant testified that he did not drive his vehicle to the left of the roadway's center line. Officer Ford testified, however, that appellant drove to the left of the centerline and that he did not observe any obstruction or find any other reasonable explanation for appellant's driving on the left side of the yellow center line. Officer Ford noted that appellant's vehicle's tires traveled left of center approximately one tire width for a distance of twenty-five to thirty feet before it returned to its designated lane of travel.
 {¶ 6} After hearing the evidence and the arguments of counsel, the trial court overruled appellant's motion to suppress. Appellant then withdrew his not guilty plea and entered a no contest plea. The trial court found appellant guilty as charged and pronounced sentence. Appellant filed a timely notice of appeal.
 I. {¶ 7} In his sole assignment of error, appellant contends that the trial court erred by not granting his motion to suppress evidence. In particular, appellant asserts the arresting officer lacked a reasonable and articulable suspicion of criminal activity to justify the initial investigative stop. Appellee counters that Officer Ford's observation of the traffic violation provides an adequate basis for the traffic stop.
 {¶ 8} Initially, we note that our review of appellant's assignment of error and our review of the proceeding below is limited to a determination of the propriety of the initial stop. Appellant did not argue, and we will not address, the issue of probable cause for appellant's subsequent arrest for driving under the influence of alcohol.
 {¶ 9} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. State v.Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1. In a hearing on a motion to suppress evidence, the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses. State v. Brooks, 75 Ohio St.3d 148,154, 1996-Ohio-134, 661 N.E.2d 1030; State v. Mills (1992),62 Ohio St.3d 357, 366, 582 N.E.2d 972; State v. Clay (1972),34 Ohio St.2d 250, 63 O.O.2d 391, 298 N.E.2d 137. Thus, the credibility of witnesses during a motion to suppress evidence hearing is a matter for the trial court. A reviewing court should not disturb the trial court's findings on the issue of credibility. State v. Fanning (1982),1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accordingly, in our review we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Metcalf (1996),111 Ohio App.3d 142, 145, 675 N.E.2d 1268; State v. Harris (1994),98 Ohio App.3d 543, 546, 649 N.E.2d 7. Accepting these facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the appropriate legal standard. State v. Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141.
 {¶ 10} In traffic stop cases that do not involve a specific violation of traffic laws or regulations, courts must determine whether an officer possessed a reasonable suspicion of criminal activity, based on articulable facts, to stop a vehicle and to detain the driver. A police officer's detention of an individual will conform to Fourth Amendment requirements only if the officer has a reasonable suspicion, based on specific and articulable facts, that criminal behavior has occurred or is imminent. Terry v. Ohio (1968), 392 U.S. 1, 21,88 S.Ct. 1868, 20 L.Ed.2d 889; State v. Andrews (1991) 57 Ohio St.3d 86, 87,565 N.E.2d 1271. To justify an investigative stop, an officer must be able to articulate specific facts which would warrant a person "of reasonable caution" to believe that the person stopped has committed or is about to commit a crime. Terry, 392 U.S. at 19-20; Dayton v. Erickson
(1996), 76 Ohio St.3d 3, 11-12, 1996-Ohio-431, 665 N.E.2d 1091. Moreover, the propriety of an investigative stop must be viewed in light of the totality of the surrounding circumstances. Erickson at paragraph one of syllabus.
 {¶ 11} If, however, a police officer stops a driver for a violation of a traffic law, regardless of the violation's severity, the United States Supreme Court has determined that the stop is reasonable and constitutional. Whren v. United States (1996), 517 U.S. 806,116 S.Ct. 1769, 135 L.Ed.2d 89. The Ohio State Supreme Court reached the same conclusion in Erickson, supra. This court followed suit, as we are obligated to do, in State v. Bowie, (July 2, 2002), Washington App. No. 01CA34, 2002-Ohio-3553.[1] Thus, today even the slightest departure from the marked lane of travel on a highway results in a technical violation of R.C. 4511.33, which states in part: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules apply: A vehicle * * * shall be driven, as nearly as is practicable entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety." Thus, an officer is justified in making a traffic stop even if the violation can be characterized as "de minimis."
 {¶ 12} Appellant relies upon this court's decision in State v.Gullett (1992), 78 Ohio App.3d 138, 604 N.E.2d 176, to assert that "a single, slight crossing of the center line" provides an insufficient basis for an officer to initiate a traffic stop. We believe that appellant's reliance on Gullett is misplaced. In light of Whren andErickson, the only question for this court to resolve is whether sufficient evidence exists to support the trial court's conclusion that a traffic violation did, in fact, occur. If so, the traffic violation constitutes probable cause for the traffic stop and the stop is constitutionally valid. Erickson.[2]
 {¶ 13} At the suppression hearing Officer Ford testified that he witnessed appellant's vehicle cross the yellow center line. Appellant testified that he did not drive his vehicle outside of his marked lane and that he exhibited "no erratic driving or speeding or any other conduct other than a simple, slight crossing of the center line." We recognize that the parties adduced conflicting evidence at the suppression hearing. This matter can be reduced, however, to a determination of witness credibility. Obviously, the trial court found that Officer Ford's testimony was credible, and the court chose to believe the prosecution's version of the facts. A reviewing court should not disturb a trial court's findings on the issue of credibility. Statev. Fanning (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. The trier of fact must resolve conflicts in the evidence.
 {¶ 14} Therefore, we agree with the trial court's conclusion in the case sub judice that a sufficient basis for the traffic stop has been established. Accordingly, based upon the foregoing reasons we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment Only.
Evans, J.: Concurs in Judgment Opinion.
[1] In State v. Bowie, (July 2, 2002), Washington App. No. 01CA34, we noted, as we discuss infra, that Whren and Erickson "have changed the landscape" involving traffic stops. We further noted that "to the extent that any of our prior decisions are inconsistent with Whren andErickson, we repudiate them." We hasten to add, however, that the parties herein did not have the benefit of the Bowie decision at the time they filed their appellate briefs.
[2] Additionally, we note that Gullett involved a driver crossing the right edge (fog) line. In the instant case, the arresting officer testified that appellant crossed the center line. This court has on many previous occasions determined that crossing a roadway's centerline constitutes a sufficient basis for an investigative stop. Thus, we disagree with appellant's characterization that the instant case involves a "de mininus" violation of the traffic laws. Consequently, even under the previous standard the facts in the instant case constitute a sufficient basis for an investigative stop.